**GREAT WESTERN LAND & DEVELOPMENT, INC., Arizona Syndications, Inc., American Trust Co., Inc., Neve Allen Land & Investment, Inc., Mohave Investment Company, Inc., Allen Neve Enterprises, Inc., Pyramid Land, Inc., Toltec Land Corporation, Wayne H. Allen and E. J. Neve, Appellants,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Appellee.**

No. 20228.

United States Court of Appeals
Ninth Circuit.

Jan. 24, 1966.

Chester Peterson, Rawlins, Ellis, Burrus & Kiewit, Phoenix, Ariz., for appellants.

Philip A. Loomis, Jr., Gen. Counsel, Walter P. North, Associate Gen. Counsel, Ellwood L. Englander, Asst. Gen. Counsel, Daniel J. Goldberg, Atty., S.E.C., Washington, D. C., for appellee.

Before HAMLEY, JERTBERG and MERRILL, Circuit Judges.

MERRILL, Circuit Judge:

By summary judgment appellants were enjoined from continuing in practices found to constitute violations of sections 5(a) and 5(c) of the Securities Act of 1933 as amended, 15 U.S.C. 77e(a) and (c). The sole question we reach here is whether disposition by summary judgment was proper. We hold that it was not.

For the purposes of this opinion we accept the factual background as set forth by appellee. In brief, it is asserted that appellants Allen and Neve established certain trusts for the purposes of holding and dealing in Arizona lands. Appellant corporations were used by Allen and Neve as vehicles for the acquisition and sale to the public of undivided interests in the trusts. The investments sold to the public were evidenced by a form of "Deed and Assignment of Beneficial Interest." They were not outright conveyances of interests in land, but represented fractional interests in the trusts. The net effect of the arrangement was to vest absolute control of the enterprise in Allen and Neve. The investors played no role in the management of the trusts or disposition of lands held.

Appellee's position is that these "deeds and assignments" constituted securities under section 2(1) of the Securities Act, 15 U.S.C. 77b(1), which appellants were selling to the public without having filed with appellee a registration statement with respect thereto as required by section 5 of the Act, 15 U.S.C. 77e.

Appellants' position on the facts is that they issued the instruments in question

without registration in reliance upon their understanding that Arizona law did not regard such instruments as securities; that when such issuance was questioned by counsel for appellee they promptly desisted from further issuance of such instruments; that they have no intention of issuing them in the future but plan to alter their mode of operation to an arrangement whereby interests in real property will be conveyed. Appellants deny that they were at the time of commencement of suit engaged in violation of the Securities Act through issuance of such deeds and assignments and deny that they will, unless restrained, violate it in the future by such issuance.

On motion for summary judgment one of the principal issues was whether it was likely that appellants would, unless restrained, continue in the future the offending conduct of the past.

The District Court when faced with affidavits of appellants stating that they would not violate the Act, found:

> "There is no assurance that the defendants Wayne H. Allen and E. J. Neve may not at some future date resume their unlawful activities."

In support of this finding appellee asserts that the District Court was under no compulsion to accept the self-serving assurances of appellants.

These assurances, however, were coupled with appellants' assertions that they had no reason to violate in the future since they had an alternative method of operation which would not offend the statute. Under the circumstances we feel that a valid factual issue was raised, the resolution of which was essential in order to justify the issuance of the injunction. Securities & Exchange Commission v. First Guardian Securities Corp., 95 F.Supp. 580 (S.D.N.Y.1950). While disbelief of appellants may be a sufficient basis for the ultimate resolution of this issue, in our judgment the court acted too precipitately in fixing upon its disbelief at this stage of the proceedings and on the basis of affidavits.

Appellee protests that appellants' affidavits demonstrate that it is their intention to continue their investment plan but on a modified basis which they feel will circumvent the Securities Act by clothing their future sales in real estate terminology.

The contention, however, raises issues as to the precise nature and lawfulness of appellants' proposed future conduct. The District Court has not dealt with these questions. In absence of such consideration an injunction so sweeping as to prohibit such contemplated future conduct would not only be premature but overbroad.

Reversed and remanded for further proceedings.